No. 28,873.

In re Application of ARTHUR LESTER for Writ of Habeas Corpus.

(280 Pac. 758.)

Opinion filed October 5, 1929.

*T. W. Bell,* of Leavenworth, for the petitioner.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *A. E. Carroll,* county attorney, for the respondent.

The opinion of the court was delivered by

HUTCHISON, J.: The petitioner herein makes application for a writ of habeas corpus, claiming he is entitled to a discharge from custody by the warden of the state penitentiary for the reason that the verdict rendered against him and the sentence imposed thereon are both void; that the verdict is void because it finds him guilty of a different offense than that with which he was charged, and the sentence because it imposes a longer term of imprisonment than that prescribed by the statute for the offense charged.

The petitioner was charged in four counts of the information with having purchased and received stolen property knowing the same

to have been stolen. The property described in each count was chickens, which were alleged to have been of a greater value than $20. The third count included glass jars and other property in addition to chickens.

The petitioner was found not guilty as to the third and fourth counts and guilty as to the first and second counts. The verdict in the first count found the petitioner guilty of buying and receiving chickens that he knew had been stolen "in the nighttime, as charged in the first count of the information.". The verdict in the second count was just the same except that the concluding phrase above quoted contained the word "second" instead of the word "first." There was no charge in the information that the chickens had been stolen in the nighttime.

The petitioner was charged and sentenced under the provisions of the following statutes of Kansas:

"Persons convicted of grand larceny shall be punished in the following cases as follows: First, for stealing any automobile or motor vehicle, by confinement at hard labor for not less than five years and not more than fifteen years; second, for stealing a horse, mare, gelding, colt, filly, neat cattle, mule or ass, by confinement at hard labor not exceeding seven years; third, in all cases of grand larceny, except as provided in the two succeeding sections, by confinement at hard labor not exceeding five years." (R. S. 21-534.)

"Every person who shall buy, or in any way receive any goods, money, rights in action, personal property, or any valuable security or effects whatsoever, that shall have been embezzled, taken or secreted, contrary to the provisions of the last four sections, or that shall have been stolen from another, knowing the same to have been so embezzled, taken or secreted, or stolen, shall upon conviction be punished in the same manner and to the same extent as for the stealing the money, property, or other thing so bought or received." (R. S. 21-549.)

The only crime of which an accused can ever be convicted is that which is charged in the information. Some crimes in themselves include lesser crimes, which are, of course, contained in the greater when properly charged, but nothing placed in the verdict can in any way change or modify the crime charged. With the exception of a case where a lesser crime is included, the verdict finds the defendant either guilty or not guilty of the crime charged. So the three words "in the nighttime" included in this verdict are mere surplusage and do not affect the finding or verdict in any particular. Besides, the concluding words "as charged in the first count of the information" make the crime definite and specific by direct reference. It has fre-

quently been held that a verdict can be properly interpreted by reference to the charge in the information.

"The information may be looked to for the purpose of interpreting a verdict in a criminal case." (*In re McLean,* 84 Kan. 852, syl. ¶ 3, 115 Pac. 647.)

By such reference the words "in the nighttime" can serve no purpose and must be eliminated and disregarded, and they in no way disturb, confuse or render indefinite the real meaning of the verdict or create any doubt as to the nature or character of the offense charged. Neither do they in any way render indefinite or affect the validity of the verdict. See *In re Mote,* 98 Kan. 804, 160 Pac. 223; *Brandon v. Mackey,* 122 Kan. 207, 251 Pac. 176.

The sentence imposed was for a term not less than five nor more than ten years on each count, and the sentence on the second count was to commence after the expiration of that on the first count, whereas under the statute above quoted the sentence should have been for a term not less than one nor more than five years upon each count. This is conceded by the state, and it is also admitted that because of it the sentence is void. The petitioner argues that because the sentence is void he should be discharged, and that any attempt to correct or impose the sentence would constitute a second jeopardy. Since the sentence is void, it is not subject to correction as it might have been if it were merely voidable or irregular; but being void, it is not a sentence or judgment and never was such. It is exactly the same as if no attempt had ever been made to pronounce a sentence on the verdict. The verdict is valid and the case stands ready for sentence and judgment upon the verdict.

"If the punishment attempted to be imposed by the judgment be greater than is authorized by law, the judgment is void. . . . The attempted sentence being a nullity, the petitioner stands in the position of one who has not been sentenced at all. He has pleaded guilty to a definite charge of a crime, but has not been sentenced therefor. . . . It is the judgment of this court that the sentence is void; but the conviction being regular and valid, the petitioner ought not to be discharged. A valid judgment should be rendered, and the petitioner should be returned to the custody of the proper authorities for that purpose." (*In re Howard,* 72 Kan. 273, 277, 278, 83 Pac. 1032.)

We conclude that the sentence imposed was and is void, but the verdict is valid and therefore the writ should be denied, but a valid sentence and judgment should be pronounced and rendered upon the verdict by the district court where the case was tried, making it effective from the date upon which it shall be rendered, but directing

that full credit be given the petitioner for all time served by him under the void sentence.

It is the order of the court that the writ be denied, but that the respondent present the petitioner in his own proper person before the district court of Wabaunsee county at a date to be fixed by that court as soon as reasonably possible, to be sentenced by that court according to law upon the verdict rendered against him in that court.