No. 35,250

In the Matter of the Application of BERT WOONER for a Writ of Habeas Corpus (BERT WOONER, *Petitioner*, v. MILTON F. AMRINE, Warden of The Kansas State Penitentiary, *Respondent*).

(117 P. 2d 608)

Opinion filed October 11, 1941.

*Bert Wooner* pro se.

*Jay S. Parker,* attorney general, *Guy E. Ward* and *Jay Kyle,* assistant attorneys general, for the respondent.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding for a writ of habeas corpus by a prisoner in the state penitentiary. Attached to his application for the writ is a copy of the journal entry in the trial court showing that on a day named the applicant, as defendant, appeared in person and by two attorneys and upon formal arraignment entered a plea of guilty to the charge of stealing an automobile, which plea the trial court accepted; that no legal reason appeared why sentence should not be pronounced, and defendant was ordered committed to the state penitentiary.

Petitioner contends he was held in the county jail from July 3, 1939, to his trial on December 8, 1939, and that he was denied his constitutional right to a speedy trial. The terms of the district court of Republic county, where petitioner was tried, commence on the first Mondays of February and May and the third Monday of October. (G. S. 1935, 20-1012.) There is no showing that petitioner

was not tried within due time at the October term. The contention of the petitioner is not sustained by the record.

Petitioner also contends that the offense for which he was prosecuted was barred by the statute of limitations. If true, the question does not seem to have been raised at his trial; there he pleaded guilty. Whether such a question may be raised in habeas corpus proceedings has been determined in this court adversely to the petitioner's contention. In *In re Johnson, Petitioner,* 117 Kan. 136, 230 Pac. 67, it was held:

"One who pleads guilty to a charge of embezzlement cannot by proceedings in habeas corpus secure his release by showing that the prosecution was barred by the statute of limitations at the time he was arrested." (Syl.)

Petitioner's contention that he did not enter a plea of guilty is not only not supported by any affirmative showing, it is refuted by the record. (*Cochran v. Amrine,* 153 Kan. 777, syl. ¶ 2, 113 P. 2d 1048.)

A careful review of the record discloses that the petitioner is not entitled to a writ of habeas corpus and his application therefor is denied.