No. 41,808

CHARLES W. NORTHCOTT, *Petitioner*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent.*

(352 P. 2d 450)

Opinion filed May 14, 1960.

*Charles W. Northcott*, petitioner, was on the brief *pro se.*

*J. Richard Foth*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the brief for the respondent.

The opinion of the court was delivered by

SCHROEDER, J.: This is an original proceeding in habeas corpus in which the petitioner seeks his release from confinement in the State Penitentiary.

On October 25, 1958, the petitioner pleaded guilty in two separate cases in the district court of Osage County, Kansas. He was sentenced to the penitentiary for not more than five years for the offense of fraudulently disposing of mortgaged property and not more than two years for the offense of breaking jail, such sentences to run consecutively. On the same date execution of the sentences was suspended and the petitioner placed on parole for a term of two years. Thereafter, on January 10, 1959, the district court of Osage County entered an order revoking the petitioner's parole in each case and he was committed to the Kansas State Penitentiary.

On the 29th day of April, 1959, the district court of Leavenworth County, Kansas, granted the petitioner a writ of habeas corpus and discharged him from the penitentiary on the ground the Osage County district court had failed to afford the petitioner a hearing and an opportunity to show cause why such paroles should not be revoked as required by G. S. 1957 Supp., 62-2244. In that proceeding the respective orders revoking the petitioner's paroles were declared void.

Upon his release from the penitentiary the petitioner was returned to the district court of Osage County on two warrants charging him with violation of his parole. Two days after his release from the penitentiary, on May 1, 1959, the petitioner appeared before the Osage County district court with his attorney. At his request the matter was continued to May 15, 1959. On the latter date and on May 18, 1959, consolidated hearings in the two cases were had, at the conclusion of which the Osage County district court

found the petitioner had violated his paroles. Whereupon the petitioner was again committed to the Kansas State Penitentiary where he is presently confined.

The grounds upon which the petitioner seeks his release are that (1) the district court of Osage County lost jurisdiction of the petitioner when it committed him to the Kansas State Penitentiary under the order of January 10, 1959; (2) the petitioner has been subjected to double jeopardy by the commitment order of May 18, 1959; and (3) the commitment order of May 18, 1959, is void because he was not brought before the court "without unnecessary delay" as required by G. S. 1957 Supp., 62-2244.

Did the district court of Osage County lose jurisdiction of the petitioner when he was committed to the Kansas State Penitentiary under the order of January 10, 1959?

The petitioner makes no attack on the validity of his convictions, sentences or upon the orders of probation. He was therefore a convicted and sentenced felon, on probation, but subject to having his parole revoked at any time prior to October 25, 1960. The question is whether the order of January 10, 1959, has any effect upon such status.

Prior to the enactment of the Postconviction Procedures Act, G. S. 1957 Supp., 62-2226, *et seq.*, (now G. S. 1959 Supp.), the trial court's action in revoking the petitioner's parole without notice would have been proper under G. S. 1949, 62-2204. Under the new act, however, in particular under G. S. 1957 Supp., 62-2244, it was the duty of the trial court to have the petitioner brought before it for a hearing on the alleged violation. Relying upon this section of the statute the petitioner has procured an adjudication that the order of January 10, 1959, was void.

While this court has not previously considered the precise point here involved, it has on numerous occasions determined the effect of other void orders. Closely analogous is *In re Clyde Devault, Petitioner*, 114 Kan. 913, 221 Pac. 284. There the petitioner was arrested, convicted and sentenced before a justice of the peace on a Sunday. In an original habeas corpus proceeding the petitioner did not question the validity of the complaint, nor the warrant, nor his arrest thereunder on Sunday, but contended that receiving his plea and pronouncing judgment against him on Sunday were void. The court agreed with the petitioner's contentions, but denied the writ, saying:

"The record discloses no request on the part of the petitioner to be admitted to bail, and since he was brought before the justice of the peace on a warrant, regularly issued, and the proceedings before such justice were void, the petitioner is in exactly the position of one who has failed or refused to enter into a recognizance for his appearance. He was properly committed to jail, not under a valid sentence, but for failure to enter into a recognizance for his appearance. Under the circumstances, he is entitled to a trial and is entitled to give bond for his appearance at any reasonable time which may be fixed by the justice of the peace for his trial." (p. 916.)

In *Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224, the court considered a void order in another situation. There the petitioner had pleaded guilty to a felony and had been sentenced to the penitentiary. This court in an original habeas corpus proceeding found that the sentencing court had failed to comply with the statutory provisions relating to the appointment of counsel, and the plea and sentence were therefore void. But the court went on to say:

"Since the court was without jurisdiction to accept it the petitioner's plea of guilty is set aside. However, as a consequence, he is not entitled to his unrestrained liberty (*Davis v. Hudspeth,* supra). It is ordered that he be released from confinement in the state penitentiary under his illegal sentence and judgment and placed by the respondent in the custody of the sheriff of Crawford county, Kansas, who is directed to return him to the jail of that county to await proper proceedings *in the criminal action yet pending against him in the district court of such county."* (p. 606.) (Emphasis added.)

In both of the above cases the court recognized the void judicial action did not deprive the court of jurisdiction, but merely required the resumption of proceedings at the point they had reached prior to the unlawful action on the part of the court.

A similar situation is presented where a defendant in a criminal action is improperly sentenced. Thus, in the case of *In re Lester,* 128 Kan. 784, 280 Pac. 758, the petitioner in an original habeas corpus proceeding was properly convicted of grand larceny, but the trial court sentenced him from five to ten years instead of one to five years. In denying the writ this court said:

"We conclude that the sentence imposed was and is void, but the verdict is valid and therefore the writ should be denied, but a valid sentence and judgment should be pronounced and rendered upon the verdict by the district court where the case was tried, making it effective from the date upon which it shall be rendered, but directing that full credit be given the petitioner for all time served by him under the void sentence." (pp. 786, 787.)

Other cases in which this court has held that improper sentences were subject to correction are *State v. Woodbury,* 132 Kan. 22, 294

Pac. 928; *Edwards v. Hudspeth,* 159 Kan. 37, 151 P. 2d 698; and
*Lawton v. Hand,* 183 Kan. 694, 331 P. 2d 886.

We therefore hold when the order of January 10, 1959, was de-
clared void at the petitioner's instance, his status reverted to that
existing prior to the entry of such order. It was then proper for
the Osage County district court, following the statutory procedure
under the Postconviction Procedures Act, to revoke the petitioner's
parole and commit him to the penitentiary.

The petitioner's contention that the order revoking his probation
on May 18, 1959, subjected him to double jeopardy is not sustained
by the authorities heretofore cited. The petitioner has been con-
victed but once and sentenced but once. Although two commit-
ments have been issued, the first commitment was void. It must
be noted the order of May 18, 1959, gave credit to the petitioner
for all time served either in the penitentiary under the void com-
mitment or in the county jail after the date of the original void
commitment.

The general rule is that a discharge on habeas corpus, being
merely from custody and not from the penalty, does not operate
as an acquittal, and is not a bar to subsequent proceedings, whether
the accused has undergone any part of the punishment imposed or
not. (22 C. J. S., Criminal Law, § 266, p. 402.)

It is also the general rule that the resentencing of a prisoner duly
convicted of a crime, who has obtained his discharge on habeas
corpus, is not subject to the objection that he is put in jeopardy twice
for the same offense, and the same rule applies where the court
denies the writ with directions to resentence the convicted prisoner.
(*In re Lester,* supra; 22 C. J. S., Criminal Law, § 267, p. 402; and
see, *State v. Hendren,* 127 Kan. 497, 274 Pac. 274.) By analogy
the same rule is applicable to the facts herein.

Was there such an "unnecessary delay" in affording the petitioner
a hearing on his alleged violation of the order of probation as to
render his present confinement invalid?

The petitioner contends that his present detention is illegal
because of an alleged failure of the Osage County district court to
comply with G. S. 1957 Supp., 62-2244. That section provides for
the issuance of a warrant for an alleged violator on probation, and
further provides:

". . . upon an arrest by warrant as herein provided, the court shall
cause the defendant to be brought before it without unnecessary delay for a
hearing on the violation charged . . ."

The requirement in the foregoing section of the Postconviction Procedures Act that such hearing be held "without unnecessary delay" was obviously designed to prevent a probationer from being held in jail for an extended period of time on what might be an unfounded charge of violation, or a violation so minor as not to warrant a revocation of the probation. It is noted that a probationer is entitled to a hearing without unnecessary delay under the foregoing section "upon an arrest by warrant." In the case at bar the petitioner was arrested on April 29, 1959, upon his discharge from the Kansas State Penitentiary. Two days later he was brought before the Osage County district court and any subsequent delay was occasioned by the petitioner or his attorney. Thus, he cannot now be heard to complain.

If, however, the delay concerning which the petitioner complains be considered as that between the alleged violation and the hearing, then the period in question is somewhat less than four months. In *Wooner v. Amrine*, 154 Kan. 211, 117 P. 2d 608, this court held that an accused who is detained in the county jail for more than five months before being brought to trial was not denied the speedy trial guaranteed by Section 10 of the Bill of Rights of the Constitution of the State of Kansas. G. S. 1949, 62-1431, requires only that an accused be brought to trial before the end of the second term after the information is filed, where the accused is in custody. It could not be successfully argued that the legislature by using the term "without unnecessary delay" in 62-2244, *supra*, intended to give a convicted felon any more protection than is afforded by our Constitution and statutes to a person merely accused, who is presumed innocent, and who may never be convicted. Under the facts and circumstances presented by the record herein it cannot be said the petitioner was prejudiced by any delay there may have been in conducting the hearing upon the alleged violation of the order placing him on probation.

A search of the record before us discloses nothing which would entitle the petitioner to his release, and the writ is therefore denied.