No. 44,451

THE STATE OF KANSAS, *Appellee,* v. HAROLD GLEN NELSON,
*Appellant.*

(412 P. 2d 1018)

Opinion filed April 9, 1966.

*Arthur B. Dillingham,* of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the defendant, Harold Glen Nelson, from an order of the District Court of Saline County revoking an order of probation and ordering the defendant committed to serve sentences previously imposed against him.

The following facts are not in dispute: On November 21, 1961, the defendant, who was then represented by counsel, pleaded guilty to charges of burglary in the second degree and burglarious larceny. Sentence was deferred, pending a pre-sentence investigation, and eventually, on March 14, 1962, the defendant was sentenced to a term of five to ten years on the burglary charge and not to exceed five years for larceny, the sentences to run consecutively.

Upon motion of his counsel, the defendant was granted probation for a period of five years on certain designated conditions, among which was the following:

"The defendant shall not associate with any individuals he has known in the penitentiary, nor in any other prison, or jail. Further he shall not associate with any other individuals who have been, to his knowledge, guilty of violation of the law or who have been in prison or in any penitentiary or jail. A further condition is that he is not to associate at any time or place for any purpose under any condition with anyone who is a user of narcotics or drugs or engaged in the sale or use of narcotics or drugs. Further it is a condition of this parole that the Defendant is not to associate with any individuals who themselves have been associated for any substantial period of time with individuals who have been law violators or inmates of prisons or jails."

Time passed, and on January 5, 1965, the court, on its own motion, found there were reasonable grounds to believe that the defendant had violated the terms of his probation and directed that a bench warrant be issued for his arrest. The warrant recited the court's findings and ordered that the defendant be returned for hearing" . . . upon the court's own motion for consideration of revocation of said defendant's probation. . . ."

Mr. Nelson was duly apprehended the following day and placed in the Saline County jail for safekeeping. On January 8, 1965, the court appointed Mr. Frank Lewis, of the Saline County bar, to represent Nelson and continued the matter subject to call.

On January 20, 1965, the matter came on for hearing, both defendant and his appointed counsel being present. Evidence was introduced by both the state and the defendant. At the conclusion of the hearing, the trial court found that the probation should be revoked and ordered the defendant committed to serve the sentences which had previously been imposed. The defendant was

given credit for two hundred thirty-eight days spent in jail awaiting parole revocation hearing. Appeal from this order was perfected and Mr. Arthur B. Dillingham, a practicing attorney of Salina, was appointed to represent the defendant in this court.

The following points are raised on appeal:

"1. The Bench Warrant served on appellant on January 6, 1965 did not comply with 62-2244 K. S. A. in that it failed to apprise appellant of which of the terms of his parole he allegedly had violated.

"2. The appellant was denied due process of law as he could not properly prepare his defenses to such charges as he was not apprised of the manner in which he allegedly violated the conditions of his release.

"3. The hearing failed to establish by competent evidence that there had been violation of the terms of appellant's parole.

"4. The trial court erred in admitting hearsay evidence and using same as a basis for revocation of parole.

"5. The evidence presented at the hearing did not show that the appellant had committed acts of sufficient gravity to justify the revocation of parole.

"6. The revocation of parole was an abuse of discretion by the trial court."

These points will be considered in the order listed.

In our opinion, the bench warrant issued on the court's own motion fully complied with the requirements of K. S. A. 62-2244, the pertinent portion of which reads:

"At any time during probation or suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release, or a notice to appear to answer to a charge of violation. Such notice shall be personally served upon the defendant. The warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. . . ."

The statute does not direct that the particulars of an alleged violation be included in the warrant, and we are not at liberty to read such a provision into the act. However, we suggest it would be better practice to set out the nature of the alleged violation.

We think the defendant may have confused the statutory provision relating to the issuance of a bench warrant with the requirements which must be met when a probationer is arrested by a probation officer, or under that officer's authority. In the latter case, it is provided that ". . . the probation officer shall immediately notify the court and shall submit in writing a report showing *in what manner* the defendant has violated the conditions of release. . . ." (62-2244, supra.) (our italics.) The provisions last quoted are not applicable where an arrest has been made under a bench warrant duly issued by the court.

Since the enactment of K. S. A. 62-2244 in 1957, a defendant who

has been charged with violating the conditions of his probation must be given a hearing before his probation may be revoked. (*Northcott v. Hand*, 186 Kan. 662, 352 P. 2d 450.) The requirement that a hearing be held, even though it may be "informal or summary," contemplates that the defendant be afforded an opportunity to face, and refute if possible, the charges directed against him. In discussing the purpose of a mandatory statute similar to ours, Mr. Justice Cardozo, speaking for the court in *Escoe v. Zerbst*, 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566, said:

". . . Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. *Burns v. United States, supra*, pp. 222, 223. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. *Burns v. United States, supra*. . . ." (p. 493.)

We believe the record in the case before us clearly establishes that the defendant *was* afforded opportunity to meet the accusation against him. He was provided with counsel twelve days before the matter was heard. Appointed counsel thus had ample time to learn the nature of the charge and to familiarize himself with pertinent phases of the case. At the hearing itself the defendant was present and represented by counsel, and evidence was introduced on his behalf.

The defendant made no claim, either before or at the time of hearing, that he had not been informed of the nature of the alleged infraction. The record shows no request by the defendant for a continuance of the hearing or any objection on his part to proceeding on the date set. While the record does not disclose that written notice was served on Nelson, we have little doubt that he and his counsel had actual knowledge of the time of hearing and of the particulars of the accusation.

K. S. A. 62-2244 contains no legislative mandate of additional notice to a defendant where the court, on its own motion, has directed the issuance of a bench warrant. Although we need not here decide the point, we note it has been held, under a similar statute, that advance notice of the particulars of a violation is not essential, even though it would be better practice to give it. (*McDaniel v. State*, 158 Tex. Cr. 301, 254 S. W. 2d 785; *Jones v. State*,

159 Tex. Cr. 24, 261 S. W. 2d 317, cert. den. 346 U. S. 836, 74 S. Ct. 53, 98 L. Ed. 358.)

Be that as it may, we believe that where, as here, a defendant is present and represented by counsel at the revocation hearing, requests no continuance because of insufficient notice and interposes no objection to proceeding with the hearing, it must be said that he has waived any question as to the sufficiency of notice and is in no position to complain of any deficiencies therein. (*Waters v. State*, 80 Ga. App. 104, 55 S. E. 2d 677.)

The remaining complaints are largely aimed at alleged evidentiary inadequacies. It is first argued that the competent evidence falls short of proving any violation of the defendant's probation. There is no merit in this claim. Evidence was offered by four witnesses showing that Nelson had consorted with known ex-convicts and law violators, in direct violation of one of the conditions set by the court for the defendant's release. Clearly, this testimony supplied the quantum of proof required to establish grounds for revocation. The following discussion in 24 C. J. S., Criminal Law, § 1618 (11) (d), pp. 915-916, is pertinent:

"The quantum of evidence necessary to authorize revocation of probation is not the same as that required on trial of an indictment, but is a matter within the sound discretion of the trial court. To warrant a revocation and commitment it is sufficient that the violation of conditions is established by clear and satisfactory evidence, or by evidence sufficient to convince the court that a violation of the conditions has been committed. Slight evidence may be sufficient, and it is not necessary that the violation be established beyond a reasonable doubt or even by a preponderance of the evidence. . . ."

The defendant next points to certain hearsay testimony found in the record and maintains that such evidence formed the basis of the court's judgment. We cannot agree that such an assumption is justified. Conceding for the moment, and for the purpose of argument only, that the court may have erred in admitting some hearsay testimony, the fact remains there was a wealth of competent, admissible evidence pointing to the defendant's breach of his probation.

Where improper evidence has been admitted in a case tried to the court, there is no presumption, in the absence of a motion to strike, that such evidence was considered or entered into the court's ultimate decision. (*State, ex rel. v. Reed*, 190 Kan. 376, 381, 375 P. 2d 588.) Indeed, the presumption is quite to the contrary.

In *Nauman v. Kenosha Auto Transport Co.*, 186 Kan. 305, 349 P. 2d 931, we held:

"Where an action is tried to the court, and there is no jury to be misled by incompetent testimony, the presumption is that the trained mind of the trial judge was not led astray nor his judgment perverted by the fact that some incompetent testimony had been aired at the trial." (Syl. ¶ 4.)

Furthermore, it is well established in this jurisdiction that where a judgment is supported by substantial competent evidence, it is not subject to reversal simply because some incompetent testimony has been interjected into the case. In *In re Estate of Johnson*, 176 Kan. 339, 270 P. 2d 293, this court said:

". . . Moreover, it must be kept in mind admission of incompetent evidence, irrespective whether it was considered, does not constitute reversible error if there is other competent evidence sufficient to sustain the judgment. . . ." (p. 346.)

See also *State, ex rel. v. Reed*, supra, pp. 381-382.

Little need be said of the defendant's assertion that the evidence failed to show acts of sufficient gravity to justify revocation of his parole. As we have stated, there was abundant evidence of Nelson's association with criminals and former convicts. It is entirely immaterial how the defendant may view such relationships. The trial court considered association with such unsavory characters to be of grave consequence and for that reason had expressly forbidden the defendant to be in their company. We believe the condition so imposed was clearly reasonable and its defiance by the defendant was a serious breach of his responsibility.

The defendant finally asserts that the trial court abused its discretion in revoking its order of probation. We think the record completely refutes this contention. We would agree that whether probation should or should not be revoked is a matter resting within the sound discretion of the trial court. In *Burns v. United States*, 287 U. S. 216, 53 S. Ct. 154, 77 L. Ed. 266, the federal Supreme Court, in upholding an order of revocation, said:

". . . The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. . . ." (pp. 222, 223.)

This court has had frequent occasion to consider the essentials of judicial discretion. In *State v. Collins*, 195 Kan. 695, 408 P. 2d 639, we had this to say on the subject:

"The discretion lodged within a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law." (p. 700.)

Applying the principles by which the exercise of judicial discretion must be measured, we have no hesitancy in concluding that the trial court was entirely justified in terminating the defendant's probation and in committing him to serve the sentences previously imposed. There was ample competent evidence to establish current violations of one of the conditions on which the defendant had been granted probation. Throughout all the proceedings the defendant was assisted by qualified counsel who had been given ample time to prepare the defense. No abuse of discretion is indicated.

No error having been made to appear, the judgment of the court below is affirmed.