Morse Stanley **BRADLEY**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 9021.

United States Court of Appeals Tenth Circuit.

Jan. 24, 1967.

---

Raymond D. Burger, Oklahoma City, Okl., for appellant.

Daniel D. Metz, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and KERR, District Judge.

BREITENSTEIN, Circuit Judge.

The court below denied habeas corpus relief to the appellant, a prisoner in the Kansas penitentiary. In 1951, appellant pleaded guilty to first degree burglary. The court, upon a showing of four prior felony convictions, imposed a life sentence under the Kansas Habitual Criminal Act.

In 1964, the appellant collaterally attacked this sentence in the sentencing court on the ground that the state had not given notice of its intent to proceed under the Habitual Criminal Act. The court found that the burglary conviction was valid but vacated the life sentence. The state gave notice of its intent to again proceed under the Habitual Criminal Act and counsel was provided the appellant. At a hearing held more than a month later, the state proved one prior felony conviction and appellant was sentenced, as a second offender under K.S.A. § 21–107a, to a term of not less than 20 or more than 42 years. Prior time served was allowed as a credit against this sentence. The court advised appellant of his right to appeal this sentence and to have appointed counsel represent him on such appeal. About 10 days later appellant appeared in court and stated that he did not wish to appeal the sentence.

In 1966, appellant sought federal habeas corpus relief from the 1964 sentence. He did not question the burglary conviction but contended that the sentence as a second offender violated his constitutional rights. After a hearing at which appellant was present with appointed counsel, the district court denied the relief requested.

In Kansas the penalty for first degree burglary is confinement for a term of not less than 10 years or more than 21 years. See K.S.A. § 21–523. On a second felony conviction the term is doubled. See K.S.A. § 21–107a. In Browning v. Crouse, 10 Cir., 356 F.2d 178, we held that a life term as an habitual criminal is severable from the permissible statutory term for the offense which triggered the invocation of the Habitual Criminal Act in Kansas; that the invalidity of a life sentence as an habitual criminal did not in-

validate the authorized portion of the sentence; and that the prisoner was required to serve the time for the first offense.

The case at bar differs from Browning in that here, after the invalidation of the life sentence, the appellant was sentenced as a second offender. In Browning we required the prisoner to serve the term for the first offense. Here the defects in the first proceeding under the Habitual Criminal Act were corrected on the resentencing. The applicable Kansas law is not clear. Compare In re Lester, 128 Kan. 784, 280 P. 758, and State v. Tague, 188 Kan. 462, 363 P.2d 454, with State v. Cox, 194 Kan. 120, 397 P.2d 406.

We see no Fifth Amendment double jeopardy or due process problems. No showing is made that at the time of the resentence the term for first offense burglary had expired. Cf. United States ex rel. Collins v. Claudy, 3 Cir., 204 F.2d 624, 626. The Habitual Criminal Act increases the penalty for a felony. The use of the Act does not subject a person to a second trial for the same offense in violation of the federal constitution. No procedural due process problem appears. At the resentencing appellant, who was represented by counsel, had notice that the state would proceed against him under the Habitual Criminal Act and a hearing was held.

If the resentencing as a second offender was improper under Kansas law, the remedy lies in Kansas courts. The federal district court held that appellant's failure to appeal from the 1964 sentence was a deliberate by-pass of the orderly procedure of the Kansas courts and resulted in a forfeiture of his state remedies. In Watkins v. Crouse, 10 Cir., 344 F.2d 927, 929, we discussed Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, and said that the test for a deliberate by-pass includes "an awareness of the availability of state remedy and a decision not to use it made by the petitioner himself." The record before us satisfies that test. The appellant was present with counsel at the hearing in federal district court. No claim was there made of lack of awareness of right to appeal or of absence of personal election not to appeal. The evidence of the state showed both awareness and a voluntary personal election. His deliberate by-pass of the available and orderly procedure in the Kansas state courts justifies denial of federal habeas corpus relief.

Affirmed.