No. 45,152

DAVID ROBERT RODGERS, JR., *Appellant*, v. STATE OF KANSAS, *Appellee*.

(443 P. 2d 252)

Opinion filed July 13, 1968.

*Larry Kirby*, of Wichita, argued the cause and *Russell Shultz*, of Wichita, was with him on the brief for appellant.

*David L. Patton*, County Attorney, argued the cause and *James T. Myers*, Assistant County Attorney, with with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is the second appearance of this case on appeal. The movant, David Robert Rodgers, Jr., previously appealed from an order summarily denying relief sought under K. S. A. 60-1507. The case was remanded with directions to grant the movant an evidentiary hearing. (See *Rodgers v. State*, 197 Kan. 622, 419 P. 2d 828.

The present appeal is based upon an order denying relief after a full evidentiary hearing was held in the trial court.

The facts and circumstances alleged, by which movant sought to obtain relief from his sentence, are set forth in our previous opinion. Suffice it to say, the movant claims his conviction was procured by the known use of perjured testimony given by an accomplice, James Alva Crandall. The movant claimed the county attorney had procured Crandall's testimony by a promise of leniency. Crandall testified at the original trial he had received no promise of leniency. The movant claimed the county attorney knew this to be false and did nothing to correct the testimony.

If all of the facts alleged in the motion are true the movant might have been deprived of due process in violation of the Fifth Amendment to the United States Constitution as interpreted in

*Napue v. Illinois,* 360 U. S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173 and *Machibroda v. United States,* 368 U. S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510.

However, the trial court specifically found that the testimony of the accomplice Crandall was not false and that assurance of leniency had not been given by the county attorney.

Relief was denied and the movant in this second appeal contends the trial court erroneously required him to come forward with evidence to support his motion.

This court has repeatedly said a judgment of conviction of crime carries with it a presumption of regularity and when one convicted of a crime attacks such a judgment he has the burden of proof to establish by a preponderance of the evidence his constitutional rights have been violated. This burden is not sustained by unsupported and uncorroborated statements of the movant. (*Huston v. State,* 195 Kan. 140, 403 P. 2d 122; *Thompson v. State,* 197 Kan. 630, 419 P. 2d 891; *Mikesell v. State,* 197 Kan. 385, 416 P. 2d 780.)

The trial court correctly applied the rule stated in the foregoing decisions.

The movant next contends the findings of the court are not sustained by the evidence.

It is not necessary to set forth in detail all the testimony in the record which would sustain the trial court's findings, *i. e.* the testimony of accomplice Crandall was true and Crandall had received no promise or assurance of leniency. The testimony of the attorney, Ronald R. Mitchell, who represented the accomplice and of the county attorney, Arthur Nevins, Jr., who prosecuted these crimes, is clear and convincing. They testified no promise of leniency was made to the accomplice.

The unsworn statement of Crandall, referred to in our previous opinion in *Rodgers v. State,* supra, was completely repudiated by Crandall in a later sworn affidavit in which he explained the circumstances under which the previous statement was obtained by the movant, Rodgers, and Crandall reaffirmed the truth of the testimony he gave during the trial of Rodgers.

The findings of the trial court are clearly supported by substantial evidence and the judgment is affirmed.