No. 45,870

William Russell Stewart, *Appellant*, v. State of Kansas, *Appellee.*

(476 P. 2d 652)

Opinion
filed November 7, 1970.

*Thomas D. Herlocker,* of Winfield, argued the cause and was on the brief for the appellant.

*Tom Pringle,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Mike Smith,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This appeal is from an order of the trial court denying relief in a proceeding instituted pursuant to K. S. A. 60-1507.

On September 25, 1964, petitioner, William Russell Stewart, entered a plea of guilty to a charge of grand larceny of an automobile. He was sentenced to the Kansas Industrial Reformatory at Hutchinson for a term of not less than five nor more than fifteen years. On his application petitioner was granted probation by the sentencing court.

Under one of the terms of probation, petitioner was allowed to go to the State of Missouri where his probation would be supervised by a Missouri Probation Officer in accordance with the Uni-

form Act for Out-of-State Parolee Supervision. (K. S. A. 62-2701 to 62-2703 [repealed, L. 1970, Ch. 129, § 22-4604], now K. S. A. 1970 Supp. 22-4101 to 22-4103.)

After an investigation, petitioner's case was received for supervision by the Missouri Board of Probation and Parole on November 5, 1964.

On December 2, 1964, the Missouri Probation Officer, charged with the supervision of petitioner's probation, filed a report with the Missouri Board of Probation and Parole. The report recited a number of events in which petitioner was alleged to have been involved and which took place during the month of November 1964. In conclusion the report stated:

"Subject has violated his probation by violation of Condition # 1. He has failed to avoid injurious and vicious habits of associating with undesirables, fighting, stealing, drinking intoxicating liquors and fleeing from an officer of the law."

The Missouri probation officer recommended that petitioner's probation be revoked because of the particular violation set out in the report.

On February 4, 1965, the probation officer's report was approved by the Missouri Board of Probation and Parole and forwarded to Kansas by the Missouri Compact Administrator.

The county attorney prepared and filed a motion for a bench warrant with the report of the Missouri probation officer attached. A bench warrant was issued and petitioner was returned to Kansas.

Counsel was appointed to represent petitioner and after a hearing before the trial court petitioner's probation was revoked on April 26, 1965.

Petitioner made no attempt to appeal from the order of revocation, but commenced a chain of proceedings under 60-1507, *supra,* which eventually led to this appeal.

On August 20, 1965, petitioner filed his first motion pursuant to 60-1507. The record discloses a series of proceedings concerning petitioner's first motion and three subsequent motions filed by him, the circumstances surrounding these extended proceedings are immaterial to the issues presented in this appeal.

It will suffice to say that on August 29, 1968, petitioner filed a fourth motion to vacate judgment and sentence pursuant to 60-1507, *supra,* which was overruled. Petitioner filed a notice of appeal on November 20, 1968. Present counsel was appointed for petitioner on November 21, 1968.

On February 17, 1969, petitioner filed a motion asking leave to withdraw his notice of appeal, to amend his motion and for a rehearing on this fourth and last motion to vacate judgment and sentence. Petitioner's motion was granted and a rehearing was had on June 16, 1969, at which time petitioner was represented by counsel. Petitioner's motion was overruled and the appeal which is now before this court was finally perfected.

Petitioner makes two contentions in his appeal. First, that he was denied a constitutional right to have counsel at his preliminary hearing and, second, that the state failed to establish violation of the terms of his probation.

With respect to petitioner's first contention, this court has repeatedly held that under Kansas procedure an indigent accused does not have a constitutional right to counsel at his preliminary hearing, and failure to provide counsel at such time is not error in the absence of a showing of prejudice to the substantial rights of accused. (*Ray v. State,* 202 Kan. 144, 446 P. 2d 762; *Wheeler v. State,* 202 Kan. 134, 446 P. 2d 777; *State v. McCarther,* 196 Kan. 665, 414 P. 2d 59; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.)

In the instant case, the record discloses that when petitioner was before the magistrate his rights were fully explained to him but he did not request the appointment of counsel. There is no indication found in this record of prejudice to petitioner's rights resulting from absence of counsel before the magistrate. Moreover on arraignment, when represented by counsel, petitioner entered a voluntary plea of guilty to the information. He cannot now object to the lack of or sufficiency of a preliminary hearing. (*State v. McCarther,* supra; *Portis v. State,* 195 Kan. 313, 403 P. 2d 959.)

In his brief on appeal petitioner cites the case of *Arsenault v. Massachusetts,* 393 U. S. 5, 21 L. Ed. 2d 5, 89 S. Ct. 35. In the *Arsenault* case defendant entered a plea of guilty at his preliminary examination. On arraignment defendant changed his plea to not guilty. Subsequently, evidence of his previous plea of guilty on preliminary examination was injected by the state in the jury trial. In the instant case, petitioner did not enter any plea, nor was he asked for a plea, he merely waived his preliminary hearing. Nothing relating to his preliminary hearing was used against petitioner at his arraignment and there was no jury trial in district court. Because of the clear factual distinction *Arsenault* is of no benefit to petitioner.

In his second contention on appeal petitioner claims that he is entitled to a review of the revocation of his probation by way of a motion under K. S. A. 60-1507.

In his attack on the order of revocation of probation, petitioner does not claim any infringement of his constitutional rights, nor does the record indicate any basis for such a claim. Petitioner merely asserts the state failed to establish a violation of probation.

Petitioner relies on *State v. Nelson,* 196 Kan. 592, 412 P. 2d 1018, wherein this court dealt with procedural standards, rules pertaining to the admissibility and sufficiency of evidence, and the exercise of judicial discretion in proceedings to revoke probation under K. S. A. 62-2244 [since repealed], now K. S. A. 1970 Supp. 22-3716. In his brief petitioner argues the state failed to produce sufficient competent evidence to establish a violation of probation in compliance with what he says is required by our opinion in the *Nelson* case.

Petitioner overlooks the fact that *State v. Nelson,* supra, was a direct appeal from a trial court's order of revocation. Here petitioner attempts to collaterally attack the order by way of a motion to vacate sentence under 60-1507.

The scope of the remedy afforded by 60-1507 has been delineated by our Supreme Court Rule No. 121 ( *c* ) ( 203 Kan. xxxix, xl ) and the many decisions of this court dealing with the statute and rule since 1964. See cases collected in Vols. 1-3 Hatcher's Kansas Digest [Rev. Ed. Perm. Supp.], § 349½, subsection *"Questions that may be raised";* 5 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, 1970 Pocket Parts, § 60-1507, pp. 32-44; Gard, Kansas Code of Civil Procedure, 1970 Cumulative Supp., § 60-1507, pp. 126-131. Perusal of the cases referred to discloses that this court has repeatedly held that a proceeding under K. S. A. 60-1507 is not to be substituted for a direct appeal.

Justiciable questions, which may be presented for determination under 60-1507, are set out in *Ware v. State,* 198 Kan. 523, 426 P. 2d 78, wherein we held:

"Only questions arising under the Constitution of the United States, or the Constitution or laws of the state of Kansas, going to the jurisdiction of the district court to impose a lawful and proper sentence upon the petitioner, or which otherwise subject the sentence to collateral attack, may be raised in a proceeding commenced under K. S. A. 60-1507." ( Syl. ¶ 1.)

The procedure provided by 60-1507, as implemented by Rule

No. 121, was held to afford an adequate and effective post-conviction remedy when measured by federal constitutional requirements by the United States Court of Appeals in *Kinnell v. Crouse*, 384 F. 2d 811, (10th Cir. 1967). The court observed that the Kansas postconviction remedy is nearly identical to the federal remedy provided by 28 U. S. C. A. § 2255. Circuit Judge Hill speaking for the court said:

"It is elementary that neither habeas corpus nor § 2255 may be used as a substitute for direct appeals and may be used to collaterally attack a judgment of conviction only when the constitutional rights of the accused are in issue. The same is certainly true of the Kansas post conviction statute." (p. 813.)

As previously noted, petitioner suggests no constitutional irregularities in the revocation proceedings; he merely seeks a review of the evidence. A proceeding to vacate sentence under 60-1507 is not intended to serve as a vehicle for the review of a collateral proceeding when proposed in the context presented here.

We hold that in the absence of irregularities of constitutional propositions, a proceeding to revoke probation pursuant to 62-2244, *supra*, is not reviewable by a motion to vacate, set aside or correct a sentence under 60-1507.

For the reasons stated we hold that the trial court did not err in denying the petitioner relief upon the grounds asserted in his motion.

The judgment is affirmed.