No. 47,201

Joseph Donald Toman, *Appellant,* v. State of Kansas, *Appellee.*

(518 P. 2d 502)

Opinion filed January 26, 1974.

*John O. Martin,* public defender, argued the cause and was on the brief for the appellant.

*James L. Sweet,* assistant county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: A post-conviction proceeding (K. S. A. 60-1507) was held in the district court. Petitioner, Joseph Donald Toman, was present and was represented by counsel. He now files an appeal from the order denying relief. Alleged irregularities in a probation hearing held in April, 1970, are the bases for this appeal.

Petitioner was sentenced in August, 1968, for issuing worthless checks and was placed on probation for a period of two years. The conditions of his probation were those suggested in K. S. A. 62-2241, including the payment of all no fund checks outstanding. In December, 1969, petitioner issued additional no fund checks in violation of the terms of his probation. In January, 1970, a motion to revoke probation was filed. Petitioner was arrested and held in

jail for three and one-half months pending a probation hearing. He contends this lapse of time constituted unreasonable delay, and that an extension of his probation was ordered without any court hearing.

A journal entry on this probation hearing was filed April 29, 1970. The journal entry recites that a hearing was held before the judge, and that the county attorney was present along with the petitioner and his attorney. The journal entry recites probation is extended for two years subject to the same conditions and the petitioner is further directed to report to the Veteran's Administration Hospital for treatment. Petitioner concedes that he received this treatment and continued on probation without objection until his arrest in June, 1971. His probation was later revoked in June, 1971, after a hearing as required by K. S. A. 1973 Supp. 22-3716 (formerly K. S. A. 62-2244). He was committed at that time to the custody of the State Director of Penal Institutions for a period of from one to five years.

Petitioner does not quarrel with the sufficiency of the probation revocation hearing in June, 1971. Instead he seeks a release from custody by attacking the probation hearing held back in April, 1970, and contends the 1970 hearing was void and the resulting two year extension of probation was likewise void. He concludes that without the two year extension his original probation terminated in December, 1970, and the sentencing court had no jurisdiction to commit him thereafter. He finally concludes his commitment in June, 1971, was illegal and void.

The trial court, after completing the 1507 hearing, made comprehensive findings of fact on the basis of evidence introduced and concluded the petitioner was not entitled to relief. This court agrees.

K. S. A. 1973 Supp. 22-3716 (formerly K. S. A. 62-2244) requires that a probationer be afforded an opportunity to be heard prior to revoking or extending probation unless that right is intelligently and understandingly waived by the probationer. See *Northcott v. Hand,* 186 Kan. 662, 352 P. 2d 450; *State v. Nelson,* 196 Kan. 592, 412 P. 2d 1018; *Stewart v. State,* 206 Kan. 147, 476 P. 2d 652; and *State v. Dunham,* 213 Kan 469, 517 P. 2d 150.

The present statute provides:

"(2) Upon such arrest and detention, the probation officer shall immediately notify the court and shall submit in writing a report showing in what manner the defendant has violated the conditions of release. Thereupon, or

upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing shall be in open court and the state shall have the burden of establishing the violation. The defendant shall have the right to be represented by counsel and he shall be informed by the judge that if he is financially unable to obtain counsel, an attorney will be appointed to represent him. The defendant shall have the right to present the testimony of witnesses and other evidence on his behalf. Relevant written statements made under oath may be admitted and considered by the court along with other evidence presented at the hearing. If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (K. S. A. 1973 Supp. 22-3716 [2].)

This statute appears to comply with the requirements of the due process clause of the United States Constitution as judicially declared in *Morrissey v. Brewer*, 408 U. S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593.

Ordinarily irregularities in a proceeding revoking probation and committing the probationer must be raised on direct appeal. In the absence of irregularities of constitutional proportions a proceeding to revoke probation is not reviewable by a motion to vacate, set aside or correct a sentence under K. S. A. 60-1507. (*Stewart v. State*, 206 Kan. 147, Syl. ¶ 3, 476 P. 2d 652.) Even in case of irregularities in a probation revocation of constitutional proportions the status of probationer's legal conviction for crime cannot be changed, and the relief to which the probationer is entitled is generally limited to ordering a proper probation hearing. (*Northcott v. Hand*, supra; *Morrissey v. Brewer*, supra.)

In the present case the decision of the court on the probation hearing held on April 29, 1970, was journalized. The journal entry recited that a probation hearing was held in open court with probationer and his attorney present. This written journal entry remained on file unchallenged for more than two years and carries with it a presumption that it speaks the truth and that a valid hearing was held. The burden of proof to establish irregularity by a preponderance of evidence rests upon the person attacking the sufficiency of the hearing and judgment. (*Huston v. State*, 195 Kan. 140, Syl. ¶ 2, 403 P. 2d 122; *Rodgers v. State*, 201 Kan. 766, 767, 443 P. 2d 252; *State v. Yurk*, 203 Kan. 629, 634, 456 P. 2d 11.) Notwithstanding the uncorroborated testimony of the peti-

tioner to the contrary, the evidence was sufficient to support the trial court's finding of regularity.

Assuming however that the probation hearing was constitutionally defective in some particular, the petitioner testified he talked with his attorney and was advised that his probation had been extended and that he had been directed to receive treatment at the Veteran's Administration Hospital. He thereafter checked into the hospital and accepted the benefits of his extended probation for a period of over a year. Under these circumstances probationer must be deemed to have waived any irregularity which might have inhered in the probation proceeding. (*State v. Nelson,* supra; *Lloyd v. State,* 197 Kan. 389, 394, 416 P. 2d 766; *State v. Dunham,* supra.)

One final matter deserves comment. Petitioner contends when he was arrested and placed in jail after his initial probation his statutory right to a speedy probation hearing was governed by K. S. A. 1973 Supp. 22-3402 (1). He contends that since his probation hearing was not held within the 90 day period limited in the statute he is entitled to be discharged. Again we cannot agree.

K. S. A. 1973 Supp. 22-3402 does not relate to or limit the time after arrest or detention of a probationer in which proceedings to revoke probation must be held. The statute relates to trials of persons charged but not yet convicted of crimes. The period within which an accused must be brought to trial when not on bond is limited to 90 days after arraignment. Neither the statute nor the term "arraignment" is germane to a probation hearing.

K. S. A. 1973 Supp. 22-3716 which specifically relates to the arrest of a probationer provides its own limitation. The probation statute provides, upon arrest or detention the court shall cause the probationer to be brought before the court "without unnecessary delay for a hearing". What constitutes unnecessary delay depends upon the facts and circumstances of each case. There was evidence in this case that the district judge was on vacation when the petitioner was arrested, that there were other difficulties in scheduling the probation hearing, that it was stipulated the petitioner had violated his probation and that probationer's attorney with the consent of the petitioner worked out the agreement to extend probation during this lapse of time. This being a factual question we cannot say the trial court erred in finding there was no unnecessary delay in concluding the probation

hearing. See *Northcott v. Hand,* supra, where a period of somewhat less than four months delay was approved under a similar provision in the prior probation statute.

The order denying relief is affirmed.