Ernest Oliver ORTIZ and Jack Ross Berryhill, Appellants,

v.

UNITED STATES of America, Appellee.

No. 19768.

United States Court of Appeals Fifth Circuit.

May 17, 1963.

Marvin F. Foster, Jr., Corpus Christi, Tex., for appellants.

Scott T. Cook, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellants seek relief from conviction, made by the court after waiver of a jury, and sentence for failure to register a firearm which they had in

their possession in violation of 26 U.S. C.A. § 5841[1] and 5851.[2]

The appellant Ortiz moved for the suppression of a sawed-off Enfield Rifle, which was the firearm described in the indictment, asserting that it had been obtained by an unlawful search and seizure. The motion was denied. Both defendants objected to the admission in evidence of the rifle. The objection was overruled. On this appeal three questions are submitted by the appellants: the validity of the search for and seizure of the rifle, the sufficiency of the evidence, and the constitutionality of the statute under which the appellants were convicted.

The only material evidence, in addition to the rifle,[3] was the testimony of two policemen of the City of Corpus Christi, Texas. These officers, so their testimony disclosed, were on a routine patrol in the early morning hours when they noticed an automobile, in which the appellants were riding, backing out of an unlighted filling station driveway and away from a telephone booth located on a corner of the filling station area. The car, as it backed out to the street, was without lights. As the car swung around to head down the street the lights were turned on. Both officers know that the coin box of a telephone booth had been broken open two or three weeks earlier by shooting the lock open. The officers stopped the car. They noticed a paper sack on the front seat. Inquiry was made as to the contents of the sack. They were told by the appellants that it was coins from a bar they had helped close up. The officers saw also a blanket, spotted with holes and stains, in the back of the car. The officers asked the appellants to go to the back of the car where one watched them and the other searched the car. The rifle was taken from under the seat. The appellants were then placed under formal arrest for violating a weapons ordinance, handcuffed and taken to the city police station. There was no arrest made for a traffic violation and it was not shown that there had been any traffic violation. One of the officers said that they had a traffic violation in mind and they always try to have some minor type of traffic violation in mind so that if nothing came out "we'd be covered." It is clear that the car was stopped and the search was made, not because of any offense being committed in the presence of officers nor because of any information possessed by the officers that the appellants had committed or were about to commit a criminal offense. The car was stopped and searched because and only because of the suspicion of the officers, and this is demonstrated by their testimony.

The principles guiding us as to a decision have been set forth by the Supreme Court of the United States in Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134. In the Henry case federal officers were investigating a theft of liquor from an interstate ship-

---

1. "Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with." 26 U.S.C.A. § 5841.

2. "It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844 or 5846, or which has at any time been made in violation of section 5821. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury." 26 U.S.C.A. § 5851.

3. A sack containing nickels, dimes and quarters was also obtained by the search.

ment. The officers had information that Henry might be implicated with interstate shipments. The agents saw Henry place cartons in his car. The agents did not have any knowledge of the contents of the cartons. The car was stopped and searched, and the cartons, which the officers later learned contained stolen radios, were seized and Henry was informed he was under arrest. The Supreme Court reversed the conviction of Henry for possessing property, the radios, stolen from an interstate shipment. The Supreme Court held, upon the concession of the Government, that the arrest took place when the federal agents stopped the car; but the theft of liquor, a rumor that Henry had been implicated in interstate shipments, and the placing by Henry of cartons in the car, were not enough to furnish reasonable grounds for a belief that an offense had been committed. In the absence of such reasonable grounds the arrest and search are unlawful and the fruits of the search are not admissible in evidence in a criminal prosecution. After quoting with approval, "Arrest on mere suspicion collides violently with the basic human right of liberty," the Supreme Court stated the controlling principles as follows:

"And while a search without a warrant is, within limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause. * * This immunity of officers cannot fairly be enlarged without jeopardizing the privacy or security of the citizen. We turn then to the question whether prudent men in the shoes of these officers * * * would have seen enough to permit them to believe that petitioner was violating or had violated the law. We think not. * * * The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what the subsequent search discloses." 361 U.S. 98, 102–103, 80 S.Ct. 168, 171.

See also Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Clay v. United States, 5th Cir. 1956, 239 F.2d 196; 79 C.J.S. Searches and Seizures §§ 66–67, p. 837 et seq.

The search was unlawful. It was error to deny the motion to suppress and to admit in evidence the articles obtained by the search. The error requires that the conviction and sentence of the district court be vacated. The judgment is

Reversed.