No. 44,495

The State of Kansas, *Appellee*, v. Albert George Edwards, *Appellant*.

(415 P. 2d 231)

Opinion filed June 11, 1966.

*Robert C. Helsel*, of Wichita, argued the cause and was on the brief for the appellant.

*Paul V. Dugan*, Deputy County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: Albert George Edwards, the defendant herein, was convicted of second-degree burglary and larceny. He was sentenced to not less than ten nor more than twenty years under the Habitual Criminal Act, and has appealed.

The issue presented is whether evidence obtained in the search of an automobile was properly admitted at the trial.

The state's evidence tended to establish the following: On the afternoon of April 2, 1963, the defendant met John Wayne Lowrey and Bob McGuire at a Wichita movie theatre; after the show, the trio repaired to a tavern; leaving the tavern, McGuire went home and the two others discussed the possibility of burglarizing some place; McGuire later came back uptown and helpfully gave the two conversationalists some keys to a service station which the two burglars tried to use, but without success; however, they later found another filling station, located in an isolated area, which Lowrey broke into and looted while Edwards drove around in his car and acted as the "jigger" or lookout.

Lowrey and the loot were picked up by the defendant after the burglary and the two thieves drove to McGuire's house where the stolen articles were transferred to McGuire's car; the three cronies thereupon set forth on a journey, driving first to southeast Kansas where they dallied awhile and committed a couple of burglaries, one near St. Paul in Neosho County, and the other in Cherokee

County; thence they departed for the Ozarks and were picked up near Branson, Missouri, in the early hours of April 7.

Kansas officers returned the intrepid trio to Erie, together with McGuire's car and some of the booty from the St. Paul burglary, which the Missouri officers had turned over to them; after returning to Erie, Lowrey told officers where a candy case, taken in the St. Paul burglary, had been discarded, and this case was recovered; about April 10, the Neosho County sheriff, without a warrant, searched the trunk of McGuire's car, after hearing jail conversations which led him to believe the car contained stolen property; this search disclosed articles stolen from the Wichita filling station.

The trial court overruled a pre-trial motion to suppress the evidence obtained in the search of McGuire's car and admitted the evidence at the trial over defense objection. Edwards' motion for a new trial was later overruled. Those rulings are specified as error.

To support his claim that the evidence was inadmissible, the defendant cites such familiar cases as *Mapp v. Ohio,* 367 U. S. 643, 84 A. L. R. 2d 933, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, reh. den. 368 U. S. 871, 7 L. Ed. 2d 72, 82 S. Ct. 23; *Stoner v. California,* 376 U. S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889, reh. den. 377 U. S. 940, 12 L. Ed. 2d 303, 84 S. Ct. 1330; and *Preston v. United States,* 376 U. S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881. We acknowledge the authority of the pronouncements contained in those decisions but believe they are not dispositive of the question involved in this case.

The car which was the object of the search and which yielded the purloined property was McGuire's, not the defendant's. It was neither owned by Edwards nor was it in his possession or under his control. Edwards did not claim any interest in the car or in the property taken therefrom. Consequently, he may not be heard to protest the search.

Both the Fourth Amendment to the Federal Constitution and Section 15 of the Bill of Rights of the Kansas Constitution secure the people against unreasonable searches and seizures of *their* property, not property in which they neither have nor claim any ownership or possessory interest.

The rule is well phrased in 79 C. J. S., Searches and Seizures, § 52, pp. 810-814:

"Since the immunity to unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed, they alone may invoke it against illegal searches and seizures. Thus one cannot complain of an illegal search and seizure of premises or property which he does not own, or

lease, or of premises or property which he does not control, or lawfully occupy, or rightfully possess, or in which he has no interest or makes no claims. It follows, therefore, that one may not object to an illegal or unreasonable search of the property, premises, or possessions of another, if his own privacy is not unlawfully invaded.

. . . . . . . . . . . . . .

". . . A passenger and a guest in an automobile have been denied the right to claim immunity."

Cases from many jurisdictions support the principle that one who is neither an owner nor in possession of an automobile lacks standing to invoke the constitutional guarantee of immunity from unreasonable search and seizure. (*McCain v. State*, Fla. App. 1963, 151 So. 2d 841; *McDoulett v. State*, Okla. Cr., 368 P. 2d 522; *People v. Angevine*, 47 Misc. 2d 374, 262 N. Y. S. 2d 784; *State v. Lucero*, 70 N. M. 268, 372 P. 2d 837; *People v. French*, 33 Ill. 2d 146, 210 N. E. 2d 540; *Gispert v. State*, Fla. App. 1960, 118 So. 2d 596, cert. den. Fla. 1960, 122 So. 2d 782; *Jack Lee v. The State*, 148 Tex. Cr. 220, 185 S. W. 2d 978; *State v. Martin*, (Mo. 1961) 347 S. W. 2d 680.)

Typical of the many decisions upholding the rule is *State v. Hamilton*, 264 N. C. 277, 141 S. E. 2d 506, where the court said:

". . . A guest or passenger in an automobile has no grounds for objection to a search of the car by a peace officer. . . ." (p. 285.)

In *State of Maine v. Littlefield, et al.*, 161 Me. 415, 213 A. 2d 431, the situation was very like the one presented here. Littlefield and Sinclair were arrested in Littlefield's car, which was later searched without a warrant. In passing upon Sinclair's objection to the introduction of evidence obtained in the search, the court stated:

"The search of the automobile was not an invasion of Sinclair's constitutional immunity to unreasonable search or seizure as he was not the owner nor in possession of the automobile. . . ." (p. 420.)

The Supreme Court of Mississippi in *Head and Cummings v. State*, 246 Miss. 203, 136 So. 2d 619, cert. den. 371 U. S. 910, 9 L. Ed. 2d 170, 83 S. Ct. 251, said at page 207:

"Since the defendants were not in possession of the automobile, either in the control or ownership of the car, they have no right to raise the constitutional question of search."

The defendant calls our attention to certain federal cases, pointing out, in particular, *Jones v. United States*, 362 U. S. 257, 78 A. L. R. 2d 233, 4 L. Ed. 2d 697, 80 S. Ct. 725. The search in that case was of an apartment, used and occupied with permission of the owner who had given the defendant a key thereto. The facts are entirely

unlike those found here and the case is clearly distinguishable.

In *Ortiz v. United States,* 5 Cir. (1963), 317 F. 2d 277, cited by the defendant, the right of a guest or passenger in a car to object to its search was not in issue, nor was that question mentioned or discussed. The same can be said of *The People v. Catavdella,* 31 Ill. 2d 382, 202 N. E. 2d 1.

The only federal case cited by the defendant which squarely supports his position is *United States v. Peisner,* 4 Cir. (1962), 311 F. 2d 94. We do not consider that case as binding upon this court, and we decline to follow it. Furthermore, it appears the Peisner case does not reflect the unanimous view of the federal judicial hierarchy. In *Shurman v. United States,* 5 Cir. (1955), reh. den. Feb. 28, 1955, 219 F. 2d 282, it was said:

"With respect to defendant Chebatt, there is an additional ground for holding the evidence admissible, namely, that he asserted no proprietary or possessory interest in the car or the marihuana, and therefore cannot complain that the search or seizure was unlawful. . . ." (p. 288.)

In our view, the defendant had no status to object to the search of McGuire's car or to the admission into evidence of the property found therein.

The judgment of the court below is affirmed.