No. 45,291

JACK DANIEL WHEELER, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(446 P. 2d 777)

filed November 9, 1968.                                         Opinion

*Larry D. Nuss,* of Fort Scott, argued the cause and was on the brief for the appellant.

*Charles M. Warren,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Appellant, under sentence for the offense of felonious assault, seeks in this postconviction proceeding to overturn an adverse judgment rendered after full evidentiary hearing.

John Peter Knouf was wounded by shotgun pellets on February 3, 1964, in Bourbon county, Kansas. On the same day appellant was arrested and incarcerated in the Bourbon county jail. Nine days later he was formally charged with assault with a deadly weapon with intent to kill Knouf. Eventually, and while represented by retained counsel, he waived jury trial, was tried by the court, found guilty and given the sentence which is the subject of this attack.

Appellant's first complaint stems from a search and seizure of the

shotgun allegedly used by him, admitted, without objection, as evidence against him at trial. He asserts the search and seizure was violative of his constitutional rights.

The facts appear to be as follows: At some time following appellant's arrest, police officers were led by a youth named Garrison to a shed or garage located on premises owned by a Mrs. Blanche Lesher and there they seized the shotgun. No one was on the property at the time. The officers did not have a search warrant nor did they have authorization or permission from Mrs. Lesher to make the search.

Appellant's assertion of constitutional invasion is based on his testimony in the postconviction hearing that Blanche Lesher was his common law wife. He says he therefore had such proprietary interest in the property searched as to enable him to raise the constitutional question. He argues his testimony as to the common law marital relation was uncontroverted in any way and therefore must be accepted as true.

Dealing first with this approach and passing our rule that the movant in a postconviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence and that the uncorroborated statements of the movant shall be insufficient to sustain the burden of proof (Rule No. 121[g], 197 Kan. LXXV), and the fact that appellant's testimony of common law marriage was wholly uncorroborated, we cannot agree with appellant's contention that his testimony was uncontroverted. The trial court had before it the testimony of several witnesses describing the premises as belonging to Mrs. Lesher—not Mrs. Wheeler. These witnesses included not only the officers but also the informant who allegedly was with appellant at the time appellant disposed of the gun. More importantly, Mrs. Lesher testified at the postconviction hearing. She did not identify herself as being at any time the wife of appellant. To the contrary, throughout the entire proceeding she was referred to and identified by all witnesses, including herself, as Mrs. Lesher. Thus, treating the issue of appellant's marital status as one of fact, as must be done, there was ample evidence to sustain the trial court's finding that the premises searched were the property of Mrs. Blanche Lesher and that appellant had no interest therein. The finding completely negatived appellant's claim to marital ties.

It is elemental that one who has no interest in premises, either

of a proprietary or possessory character, has no standing to invoke the constitutional guaranty of immunity from unreasonable search and seizure (*State v. Edwards*, 197 Kan. 146, 415 P. 2d 231).

Marital status being the sole basis of appellant's assertion of constitutional privilege, once this issue of fact is decided against him, his capacity to invoke the privilege falls.

Appellant contends he was denied speedy trial because of the nine days' detention between initial arrest and the filing of formal charges against him and the fact he apparently was not brought before a magistrate until the further lapse of either three or six more days.

The state suggests no reason or excuse for this excessive delay and indeed we can scarcely conceive of any of validity for a detention of this length without shred of legal process. A similar situation was discussed in *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652, as follows:

"Needless to say, this court does not approve of unwarranted delay, either in the filing of formal charges against a suspect who is confined in jail, or in taking him before a proper magistrate for examination. We subscribe to the prevailing view that when a person is arrested for a crime, either with or without a warrant, he is to be taken before a magistrate with reasonable promptness and without unnecessary delay. [Citations.]

"The state makes no attempt to justify its failure to take the plaintiff before an examining magistrate until after he had languished in jail for nearly two weeks. Unexplained, a delay of such proportions indicates indifference on the part of law enforcement officers toward their official responsibilities. It also infringes the right of every person arrested for a crime to an early examination before a magistrate (K. S. A. 62-610, 62-614). We are not disposed to condone such official shortcoming.

"The present action, however, is not one to test the validity of an arrest, nor one to recover damages for an illegal detention. Neither is it a proceeding to gain release from an unlawful custody prior to trial. This case attacks the validity of the *sentence* pronounced against the plaintiff, which is claimed to to be illegal on the premise, among others, that plaintiff was not promptly taken before a magistrate after his arrest." (p. 423.)

And in denying relief because of the delay in the above case the court concluded:

"Undue delay in bringing one accused of crime before a magistrate is not, of itself, a denial of due process. It is only where a preliminary delay in some way deprives an accused of a fair trial that there can be a denial of due process." (Syl. ¶ 1.)

In the case at bar it does not appear that during the period of unwarranted detention the state gained any advantage in its prose-

cution of the case or that appellant suffered any disadvantage in his defense. Appellant made no incriminating statement and he does not now point out how he was prejudiced by the delay. Although the conduct of those responsible must be condemned, the irregularity does not now afford appellant ground for relief from the sentence.

Finally, appellant attacks the procedure in magistrate court wherein he was held for trial in district court. Appellant testified he did not waive his right to preliminary examination prior to being so bound over, that he requested the services of an attorney at the time of his appearance before the magistrate and he was never afforded a preliminary examination as required by law. Appellant's contentions were completely refuted factually by the records of the magistrate court and by the testimony of the examining magistrate to the effect that appellant's rights were explained to him, he did not request counsel, and he waived preliminary examination in the magistrate court. Moreover, where a defendant pleads to an information and goes to trial upon it, the subject of preliminary examination is no longer material. An objection to the lack of or sufficiency of a preliminary examination after trial comes too late (*State v. McCarther*, 196 Kan. 665, 414 P. 2d 59).

There is no indication of prejudice to appellant's rights resulting from absence of counsel before the magistrate; hence such lack affords no ground for relief from the sentence later imposed (*Cooper v. State*, supra).

The judgment appealed from is affirmed.

APPROVED BY THE COURT.