No. 46,406

State of Kansas, *Appellee,* v. Edmond Raymond Grimmett, Jr., and Emmett Smith, Jr., *Appellants.*

(491 P. 2d 549)

Opinion filed December 11, 1971.

*Richard L. Becker,* of Coffeyville, argued the cause and was on the brief for the appellants.

*Richard A. Medley,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Floyd Von Palmer,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This appeal arises from convictions by a jury of defendants (Edmond Raymond Grimmett, Jr., and Emmett Smith, Jr.) of robbery in the first degree.

On April 29, 1970, the Gatewood liquor store in Coffeyville was robbed. At the time of the robbery Lester Gatewood was in charge of the store when he was confronted by two men, one of whom pointed a hand gun at him. Two bottles of whiskey, some currency, an orange colored money bag, a quantity of canceled checks, and a metal box were taken from the store. At the trial Mr. Gatewood testified "He was pretty sure that the defendants were the two who robbed him."

It was established that defendants were either visiting or residing at the Jesse Hutchinson residence in Coffeyville. Allen Flowers, a Coffeyville police officer, testified that on May 1, 1970, he was in an alley adjacent to the Hutchinson residence, talking to the operator of a trash truck, when he saw objects in the trash burner near the alley by the side of the Hutchinson house. Officer Flowers's attention was attracted to the trash burner where he saw an orange

colored money bag on top of the burner. After looking under the money bag he found canceled checks and two liquor bottles.

Karen Montooth, a witness for the state, testified "that she was with the defendants the night of the robbery and that the automobile they were in stopped near the liquor store." She saw the defendants walk in the direction of the liquor store and when they returned to the automobile one of them had some money in his hand. She also saw a liquor bottle. She and the two defendants returned to the Hutchinson residence. After the three of them entered the house she saw a metal box on the coffee table. She was given about fifteen dollars by one of the defendants. She also testified that she had seen a gun in the possession of one of the defendants at the Hutchinson residence, but did not see a gun in the possession of defendants the evening of the robbery.

Present counsel was appointed and represented defendants in the trial below and on appeal to this court.

Defendants were convicted by a jury on July 20, 1970. Proper notice having been served upon each defendant and counsel, the state presented evidence of a prior felony conviction of each defendant, which was admitted by the trial court. Pursuant to the provisions of K. S. A. 21-527 (now K. S. A. 1971 Supp. 21-3426, 21-3427) and K. S. A. 21-107a (now K. S. A. 1971 Supp. 21-4504), each defendant was sentenced to a term of not less than twenty nor more than forty-two years in the Kansas State Penitentiary. Thereafter this appeal was perfected.

Prefatory to the argument in his brief, defendants' counsel listed seven items which defendant Grimmett requested counsel to present to this court on appeal. It appears that counsel carefully considered the requests made by Grimmett and fully explains why there is nothing in five of the matters raised which warrants consideration on appeal. Counsel then proceeds to present arguments on the two items which he deems worthy of consideration by this court.

We have examined the items which defendant Grimmett listed in his letter to counsel and fully agree with the manner in which they were treated by counsel.

Defendants first urge error in the trial court's refusal to suppress the items of evidence, which we have mentioned, that were found in the trash burner. This matter was presented to the trial court on oral motion during the trial. An out-of-court hearing was had

and evidence produced. The trial court denied defendants' motion to suppress and the items were admitted into evidence at the trial.

On appeal defendants' counsel candidly admits that since the items were in the trash burner located on the Hutchinson property, in which neither defendant claimed any proprietary or possessory interest, that defendants did not have standing to invoke constitutional guaranty of immunity from unreasonable search and seizure under this court's holdings in *State v. Edwards,* 197 Kan. 146, 415 P. 2d 231; and *Wheeler v. State,* 202 Kan. 134, 446 P. 2d 777. Defendants' counsel simply asks this court to overrule the decisions referred to on the ground that the state should not be permitted to use any evidence obtained in this manner.

It is conceded that Jesse Hutchinson, the owner of the property, made no objection to the officer's seizure. In *State v. Edwards,* supra, we held that a person claiming no interest in an automobile did not have standing to invoke constitutional guaranty of immunity from unreasonable search and seizure. We applied the same principle to a building and premises in *Wheeler v. State,* supra. The court's reasoning is fully set forth in the two opinions mentioned together with an in-depth consideration of the many authorities dealing with the subject. We adhere to our holdings in those cases.

Defendants next complain concerning the enhanced sentences imposed pursuant to 21-107a, *supra.* The felony convictions presented to the trial court show that the conviction of each of the defendants was obtained when each was sixteen years of age. Subsequent to the date of the convictions the age of juveniles was raised to eighteen years, by an amendment to K. S. A. 38-802 (now K. S. A. 1971 Supp. 38-802).

Defendants' counsel was unable to cite authorities in support of defendants' position on this point and we know of none. Counsel's argument is actually in the form of a plea of mercy. No contention is made that the prior convictions are in any respect invalid or in violation of any constitutional right of defendants. Defendants' pleas for leniency are proper matters for the attention of the State Board of Probation and Parole.

We are unable to find any legal defects in the enhanced sentence of either defendant.

The judgments and sentences are affirmed.

O'Connor and Prager, JJ., not participating.