No. 46,807

STATE OF KANSAS, *Appellant*, v. DOUGLAS M. SUMNER, *Appellee*.

(504 P. 2d 239)

Opinion filed December 9, 1972.

*Benjamin L. Burgess, Jr.*, assistant county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for appellant.

*Lane H. Cronhardt*, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an interlocutory appeal pursuant to K. S. A. 60-2102 (*b*) and Rule No. 5 of this court. There is a single issue to be resolved. The appellant, the state of Kansas, contends the district court erred in suppressing physical evidence, seized by the Reno County and Harvey County sheriffs, which related to the prosecution of the appellee, Douglas M. Sumner, for burglary and felony theft.

On May 3, 1972, the appellee filed a motion pursuant to K. S. A. 1971 Supp. 22-3216 requesting the district court to suppress certain evidence which was secured as a result of the search of a house located on East 4th Street, in Hutchinson. The relevant allegations of the motion to suppress were that (1) the contraband was seized without a valid search warrant, (2) the search of the premises was not voluntary, and (3) no consent was obtained from the occupants of the house prior to the search by the law enforcement officers.

On May 4, the district court heard the arguments of counsel based upon a stipulated set of facts:

"By virtue of a search warrant issued by the District Court of Harvey County, Kansas, the Reno county sheriff, his deputy, Charles Maddox, and the Harvey County sheriff went to the premises of James W. Starks, located in Harvey county. Mr. Starks informed them the stolen goods were not there but were located in a house on East 4th Street, Hutchinson, Reno County, Kansas. Mr. Starks was then placed under arrest for burglary and grand larceny at that time and then transported to the East 4th residence occupied as tenants by Duane Carey and Max Miller. (1419 East 4th). Mr. Starks knocked on the door and same was opened by Max Miller. The law enforcement officers identified themselves as such whereupon Mr. Starks told Mr. Miller that he had come for the things that he had left on the prior day. Mr. Miller did not say the officers could or could not enter . . . he said nothing. The officers and Mr. Starks entered the premises and found the evidence for which they had been looking. No search warrant was ever obtained or issued to search the premises at 1419 East 4th, Hutchinson, Kansas. Said evidence was taken by the officers with no receipt given in compliance with K. S. A. 22-2512. Subsequently, a major portion of the property belonging to Alfred Weins was returned to said owner by authority of the Reno county attorney but a sufficient amount was retained to be more than $50 in value. Permission to return said property to Mr. Weins was not sought or obtained from the defendant."

On May 6, 1972, the stipulation was amended in a subsequent opinion of the district court. The supplemental memorandum corrected the stipulation in the following manner:

"That portion of the stipulated facts reported as 'Mr. Starks told Mr. Miller he had come for things he had left on the prior day' should be changed to show Mr. Starks said, 'We have come for the goods' or 'We have come to pick up the stuff.' "

At the pretrial suppression hearing, the state vigorously challenged the appellee's standing to object to the search and seizure in question. In a memorandum opinion the district court sustained the appellee's motion to suppress upon the grounds the state failed to show the appellee had no standing to complain, or interest in the premises searched or the property seized, and that he was not required to establish such an interest.

This court has previously considered the question of standing to object to the infringement of the constitutional right to be secure in one's person, house, papers, and effects against unreasonable searches and seizures. It has been held it is proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed, that he establish that he himself was the victim of an

invasion of privacy. To establish "standing" this court has required the movant claim either to have owned or possessed the seized property, or to have had a possessory or proprietary interest in the premises searched. (*State v. Edwards,* 197 Kan. 146, 415 P. 2d 231; *Wheeler v. State,* 202 Kan. 134, 446 P. 2d 777; *State v. Grimmett & Smith,* 208 Kan. 324, 491 P. 2d 549; *State v. Williamson,* 210 Kan. 501, 502 P. 2d 777; *State v. Masqua,* 210 Kan. 419, 502 P. 2d 728.)

The state has the burden of proving that a search and seizure is lawful (K. S. A. 1971 Supp. 22-3216[2]), however, under the statute, the movant must allege he was in fact *aggrieved* by the search and that his constitutional right to be secure in *his* property has been violated. In short, the movant is required by 22-3216 (2) to allege facts showing wherein the search and seizure was unlawful and establish he personally was aggrieved by the alleged illegal search and that his rights were prejudiced thereby.

Having carefully reviewed the record, this court can find no evidence to support a conclusion the appellee owned or had in his possession the contraband in question, nor is there any factual allegation in his motion to that effect. The record is to the contrary. Likewise, the stipulated facts show the premises searched were occupied by Duane Carey and Max Miller as tenants. The appellee was not present when the search was conducted as the stipulation reveals that only Miller was present. The record is barren of any evidence to indicate the appellee had a reasonable expectation that his right to be secure from searches intruding on his right of privacy extended to those premises, nor is there any evidence to establish he had a possessory or proprietary interest in the premises. Under the facts and circumstances, we hold the appellee had no standing to object to the search of someone else's house or to the seizure of someone else's property in which he claimed no interest.

The appellee places controlling significance upon *Jones v. United States,* 362 U. S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A. L. R. 2d 233, to support his contention that possession alone confers standing. In a supplemental statement following oral argument counsel for the appellee stated he relies upon *possession of the premises searched* (the second holding in *Jones*) as a basis for conferring standing to object to the invalidity of the search in question. We are of the opinion *Jones* does not apply. There, the aggrieved party was charged with a possessory crime—the possession of nar-

cotics. In addition, he was the only person present in the apartment searched and there was evidence he was in control of the premises with the consent of the individual who occupied the apartment. The Supreme Court of the United States held first that illicit possession of narcotics which both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged, and second, that even were the prosecution not one turning on illicit possession, the legal requisite interest in the premises was satisfied under the facts and circumstances of that case. The *Jones* case is clearly distinguishable from the instant case in which this appellee neither claimed to have owned or possessed the property seized. Moreover, it is difficult for this court to believe that one who is charged with burglary and the felonious theft of property in connection with that burglary has standing by judicial pronouncement to assert ownership or possession of the stolen property which had been seized—particularly under the stipulated facts of this case. In addition, there is nothing in the record to show the appellee had any interest in the searched premises that would give rise to a reasonable expectation on his part of freedom from governmental intrusion upon those premises. (*Mancusi v. DeForte*, 392 U. S. 364, 20 L. Ed. 2d 1154, 88 S. Ct. 2120.) Consequently, he may not be heard to protest the search. (*State v. Edwards*, supra.)

The judgment is reversed and the case is remanded to the district court to proceed in a manner consistent with this opinion.

It is so ordered.