BOYER, Judge
(dissenting).
I respectfully dissent. The experienced police officer had every reason to stop and investigate. A vehicle observed traveling along a busy four-lane highway with a man sitting on the hood certainly invites investigation. The officer would have been accused of dereliction of duty had he acted otherwise. The other circumstances recited by the majority were such as to further arouse legitimate suspicion. The officer was acting on long experience when he noted, without a search, that the switch key was not accompanied by a trunk key. His subsequent questions were legitimate and in order and ultimately demonstrated an obvious lie on the part of the appellant. In short, one circumstance legitimately led to another until the violation was revealed.
In attacking the validity of the warrant-less search appellant relies upon Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968); Ortiz v. United States, 317 F.2d 277 (5th Cir. 1963); Dyke v. Taylor Implement Company, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); Collins v. State, Sup. Ct.Fla.1953, 65 So.2d 61 and Kraemer v. State, Sup.Ct.Fla. 1952, 60 So.2d 615.
The trial judge, in denying the motion to suppress the evidence, relied upon Adams v. Williams, 407 U.S. 143, 92 S.Ct.1921, 32 *628 L.Ed.2d 612 (1972); Jetmore v. State, Fla.App. (4th) 1973, 275 So.2d 61; Donar v. State, Fla.App. (1st) 1970, 236 So.2d 145 and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct.1975, 26 L.Ed.2d 419 (1970).
In my opinion the trial judge’s reliance upon the last above mentioned cases was well founded and I would affirm.