No. 100,150

STATE OF KANSAS, *Appellee*, v. BRIAN A. GILBERT, *Appellant*.
(254 P.3d 1271)

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 4, 2009. Opinion filed July 15, 2011.

*Nancy Ogle*, of Ogle Law Office, L.L.C., of Wichita, argued the cause and was on the briefs for appellant.

*Natalie A. Chalmers*, assistant district attorney, argued the cause, and *Jamie L. Karasek*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Brian A. Gilbert was the passenger in a parked car he did not own. Law enforcement officers saw him in the vehicle and confirmed there was an outstanding warrant for his arrest. He was taken into custody, and the car was searched incident to his arrest. Inside the car, drugs and drug paraphernalia were discovered. The State concedes the search was unconstitutional. The dispositive issue is whether a passenger who does not own or have a possessory interest in the vehicle may challenge the vehicle's search incident to the passenger's arrest.

The Court of Appeals held Gilbert had standing to contest the search under *Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007) (traffic stop is a seizure of a passenger as well as the driver). *State v. Gilbert*, No. 100,150, 2009 WL 2902575, at *5 (Kan. App. 2009) (unpublished opinion). It reversed Gilbert's convictions and ordered suppression of the evidence

seized in the vehicle search. The State petitioned this court for review. We find Gilbert lacks standing to challenge the vehicle search. We hold the outcome is controlled by *Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978) (person aggrieved by an illegal search and seizure only through introduction of evidence obtained by search of third-person's premises has not had his or her Fourth Amendment rights infringed). We reverse the Court of Appeals' decision and dismiss Gilbert's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2006, Gilbert was in the passenger seat of a parked car when a Topeka police officer approached and asked for Gilbert's identification. The officer recognized the person sitting in the driver's seat, Kate Land, because the officer had met Land and her parents a week earlier when they reported some jewelry stolen. During that meeting, Land's parents described Gilbert and told the officer they suspected Gilbert was the thief. As part of that investigation, the officer learned Gilbert had an outstanding warrant for his arrest on an unrelated matter. The warrant alleged Gilbert had failed to appear in court for a tail lamp violation; driven while his license was suspended, cancelled, or revoked; driven under the influence of alcohol or drugs; and refused to take a preliminary breath test.

The officer asked Gilbert whether he had taken care of the arrest warrant, and Gilbert said he did not know about it. While awaiting verification that the warrant was outstanding, the officer observed a Crown Royal bag on the floor beside Gilbert's feet, which the officer testified was "infamous" for being used to conceal drugs. Once the warrant was confirmed, the officer arrested Gilbert and secured him in the back of a patrol car. The officer then returned to search the car, which was registered to Land and Jane Tillman. He discovered drug paraphernalia in the Crown Royal bag, and several baggies containing crystal methamphetamine under the front passenger seat. Gilbert was charged with one count of possession of methamphetamine under K.S.A. 2006 Supp. 65-4160(a) and one count of possession of drug paraphernalia under K.S.A.

2006 Supp. 65-4152(a)(2). Gilbert denied ownership of the seized items.

Before trial, Gilbert filed a motion to suppress the evidence obtained during the search. He argued suppression was required on two grounds. First, Gilbert claimed he was illegally seized because the officer testified at the preliminary hearing that the warrant was unconfirmed when the officer first ran the warrant check while investigating the stolen jewelry. As such, Gilbert contended, the officer lacked grounds to request identification or run the warrant check a second time while standing beside Land's vehicle. The district court found the evidence did not support these claims and that the officer had probable cause to believe the warrant was outstanding when he questioned Gilbert. That ruling was not appealed.

Second, Gilbert argued the officer was not authorized to search the vehicle after the arrest because the officer was not searching specifically for evidence of the traffic offenses for which Gilbert was arrested, *i.e.*, the crimes that resulted in the warrant. This argument was based on a previous version of K.S.A. 22-2501, the statute authorizing warrantless searches incident to arrest, which restricted such searches to "evidence of *the* crime." (Emphasis added.) K.S.A. 22-2501(c) (Furse). But an amendment to K.S.A. 22-2501(c) became effective a few weeks before the Gilbert search that more broadly authorized officers to search for "evidence of *a* crime." (Emphasis added.) L. 2006, ch. 211, sec. 8. The district court denied Gilbert's motion to suppress because the amended statute was in effect at the time of the search and authorized the officer's action. The evidence was admitted at trial.

A jury convicted Gilbert of possession of methamphetamine and possession of drug paraphernalia. Gilbert filed a timely appeal to the Court of Appeals. He initially argued the evidence should have been suppressed because the statutory amendment did not expand an officer's authority to engage in a warrantless search incident to arrest. He also argued there was insufficient evidence that he possessed the methamphetamine.

But before oral argument was heard on those claims, this court held that the amended version of K.S.A. 22-2501 was unconstitu-

tional. See *State v. Henning*, 289 Kan. 136, 137, 209 P.3d 711 (2009) (following *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 [2009]). The Court of Appeals then ordered supplemental briefing on whether *Henning* applied retroactively to Gilbert's case. In response, the State conceded the search was unconstitutional based on the later court rulings but asserted for the first time that Gilbert lacked standing to challenge the search. The standing argument was premised on the fact that Gilbert was only a passenger in the parked car and did not have an ownership or possessory interest in the vehicle. For his part, Gilbert argued only that the search was unconstitutional under *Henning*; he did not respond in writing to the State's standing argument.

The Court of Appeals held Gilbert had standing to contest the search under *Brendlin* and declared the vehicle search unconstitutional under *Henning*. It then reversed Gilbert's convictions. *Gilbert*, 2009 WL 2902575, at *5. Notably, the Court of Appeals did not address the State's additional argument that suppression of the evidence was not required even if the search was found later to be unconstitutional because there was a good-faith exception to the exclusionary rule. This is an argument our court recently accepted in a later case. See *State v. Daniel*, 291 Kan. 490, 500, 242 P.3d 1186 (2010) (good-faith exception applies to searches conducted in reasonable reliance on K.S.A. 22-2501[c]).

The State petitioned this court for review, which we granted. Jurisdiction is proper under K.S.A. 20-3018(b) (review of Court of Appeals decision).

### ANALYSIS

The first issue presented is whether Gilbert has standing to challenge the vehicle's search. This requires us to resolve Gilbert's preliminary claim that the State did not preserve this issue because it was raised for the first time in response to the Court of Appeals' request for supplemental briefing after our *Henning* decision. We hold that Gilbert's argument misses the mark. Standing is a component of subject matter jurisdiction, which may be raised for the first time on appeal. *State v. Ernesti*, 291 Kan. 54, 60, 239 P.3d 40 (2010). Whether standing exists is a question of law subject to un-

limited review. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

The State's argument that Gilbert lacks standing to contest the vehicle's search because he did not own or have a possessory interest in the vehicle is founded squarely on *Rakas*, 439 U.S. at 148. In that case, the defendants were passengers in a car driven by the vehicle's owner. The police stopped and searched the vehicle, believing it was involved in an armed robbery. The police discovered a box of rifle shells in the glove compartment and a sawed-off rifle under the front passenger seat. The defendants later moved to suppress the evidence, contending the search violated the Fourth and Fourteenth Amendments because they were the "victim[s]" of the search or seizure. 439 U.S. at 132. The United States Supreme Court rejected the defendants' "target theory" for standing because Fourth Amendment rights are personal rights. 439 U.S. at 133-34. The Court stated: "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." 439 U.S. at 134 (citing *Alderman v. United States*, 394 U.S. 165, 174, 89 S. Ct. 961, 22 L. Ed. 2d 176 [1969]). The *Rakas* Court held that the defendants lacked standing to challenge the search because they asserted "neither a property nor possessory interest in the automobile, nor an interest in the property seized." 439 U.S. at 148.

Our court follows the same Fourth Amendment analysis. See *State v. Worrell*, 233 Kan. 968, 970, 666 P.2d 703 (1983) (Fourth Amendment protection from unreasonable searches is based upon an individual's privacy right, and a defendant does not have standing to challenge a search if he or she had no expectation of freedom from intrusion.); *State v. Sumner*, 210 Kan. 802, 804, 504 P.2d 239 (1972) ("The record is barren of any evidence to indicate the [defendant] had a reasonable expectation that his right to be secure from searches intruding on his right of privacy extended to [non-owned] premises, nor is there any evidence to establish he had a possessory or proprietary interest in the premises. Under the facts and circumstances, we hold the [defendant] had no standing to object to the search of someone else's house or to seizure of some-

one else's property in which he claimed no interest."); see also *State v. Masqua*, 210 Kan. 419, Syl. ¶ 1, 502 P.2d 728 (1972), *cert. denied* 411 U.S. 951 (1973) ("Defendant who has no interest in premises, either of a proprietary or possessory character, has no standing to invoke the constitutional guaranty of immunity from unreasonable search and seizure"); *State v. Grimmett & Smith*, 208 Kan. 324, Syl. ¶ 1, 491 P.2d 549 (1971) (same); *Wheeler v. State*, 202 Kan. 134, Syl. ¶ 1, 446 P.2d 777 (1968) (same). And this court applies the same test in automobile cases. *State v. Epperson*, 237 Kan. 707, Syl. ¶ 6, 703 P.2d 761 (1985) ("Ordinarily, a passenger, one who is neither an owner nor in possession of an automobile, has no standing to challenge a search of the automobile."); *State v. Roberts*, 210 Kan. 786, 789, 504 P.2d 242 (1972), *cert. denied* 414 U.S. 832 (1973) (holding defendant lacked standing to challenge car search because he was passenger and claimed no ownership interest in the car).

Gilbert does not argue he had a reasonable expectation of privacy in the car or its contents or dispute that courts have previously required that showing to establish standing. He also does not claim the seizure of his person on the outstanding arrest warrant was unlawful. He simply argues the rules governing passenger standing changed in 2007 when the United States Supreme Court decided *Brendlin*. The Court of Appeals panel accepted this argument, stating: "[T]he United States Supreme Court called into question the continuing validity of this long-standing rule in *Brendlin*." *Gilbert*, 2009 WL 2902575, at *5.

We believe the panel misreads *Brendlin*. In that case, the defendant.was the passenger in an unconstitutionally seized vehicle that was later searched incident to the defendant's arrest. A syringe cap was found on the defendant's person, and tubing and a scale used to produce methamphetamine were discovered in the car. The defendant moved to suppress the evidence, arguing the evidence was the fruit of an unconstitutional seizure. He did not assert that his Fourth Amendment rights were violated by the vehicle search. Instead, he argued the officers lacked probable cause or reasonable suspicion to make the initial traffic stop, so the evidence was tainted from the outset. The State of California conceded the

police officers lacked reasonable suspicion to justify the initial stop. The United States Supreme Court carefully defined the issue as "whether a traffic stop subjects a passenger, as well as the driver, to Fourth Amendment seizure," 551 U.S. at 254, and specifically distinguished that issue from a defendant's claim that his or her Fourth Amendment rights were violated by the vehicle's interior search, citing *Rakas*. 551 U.S. at 253 ("Brendlin . . . argue[d] that the officers lacked probable cause or reasonable suspicion to make the traffic stop. He did not assert that his Fourth Amendment rights were violated by the search of [the] vehicle, *cf. Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978), but claimed only that the traffic stop was an unlawful seizure of his person.").

The *Brendlin* Court thus held that a person is seized and entitled to challenge that seizure under the Fourth Amendment when the officer terminates or restrains his or her freedom of movement by physical force or a show of authority. 551 U.S. at 255. The test used to determine if a person is seized is whether a reasonable person would have believed himself or herself free to terminate the encounter. 551 U.S. at 256-57. The Court then further held a passenger is also seized during a traffic stop of the vehicle he or she occupies, explaining:

" 'A traffic stop necessarily curtails the travel a passenger has chosen just as much as it halts the driver, diverting both from the stream of traffic to the side of the road, and the police activity that normally amounts to intrusion on 'privacy and personal security' does not normally (and did not here) distinguish between passenger and driver.' " 551 U.S. at 257.

With this understanding, the *Brendlin* Court said it was error for the state court to deny Brendlin's suppression motion on the ground that his seizure occurred only at his formal arrest. The case was then returned to state court to consider whether suppression of the evidence would turn on any other issue. 551 U.S. at 263.

This demonstrates *Brendlin*'s holding is limited to whether a passenger may contest a vehicle's stop in the same manner as the driver, and Gilbert's argument that *Brendlin* should be extended to give passengers with a nonpossessory interest in the vehicle standing to contest a subsequent search of a vehicle's interior is

without merit. The Court of Appeals' failure to grasp the distinction between Gilbert's case and the limited holding in *Brendlin* was error.

We note that several other courts considering the same argument advanced by Gilbert have refused to recognize the extension he advocates. See, *e.g.*, *United States v. Cortez-Galaviz*, 495 F.3d 1203, 1206 n.3 (10th Cir. 2007) (holding passenger seized for Fourth Amendment purposes has standing to challenge validity of traffic stop, but passenger's right to contest search of vehicle is another question); *United States v. Villaverde-Leyva*, 2010 WL 5579825, at *14 (N.D. Ga. 2010) (unpublished opinion) (*Brendlin* addressed passenger standing to challenge traffic stop, not the vehicle's search); *United States v. Collins*, 2010 WL 2264920, at *3 (E.D. Wis. 2010) (unpublished opinion) (*Brendlin* did not hold a passenger's ability to challenge the constitutionality of a traffic stop extends to the subsequent vehicle search if the passenger does not claim a possessory or property interest in vehicle); *People v. Bowles*, 226 P.3d 1125, 1129, n.2 (Colo. App. 2009) (*Brendlin* leaves intact rule that passenger without possessory interest in vehicle lacks standing to challenge vehicle's search); *Atkins v. Com.*, 57 Va. App. 2, 12, 698 S.E. 2d 249 (2010) (*Brendlin* addresses a defendant passenger's right to challenge the traffic stop, not the right to contest a search).

Under *Brendlin*, a passenger's personal Fourth Amendment rights are implicated when the vehicle he or she is occupying is stopped, and this enables the passenger to challenge the constitutionality of that stop. In contrast, a defendant's Fourth Amendment rights are not implicated during the search of an automobile he or she neither owns nor claims a possessory interest in, even if the evidence obtained during the search is used against the defendant later. In this case, Gilbert does not claim any ownership or possessory interest in the vehicle or the contents that were searched. In addition, he does not claim any interest in the property that was seized from that vehicle. His contention that simply being a passenger affords him an expectation of privacy was rejected in *Rakas* and a long line of decisions by this court. The holding in *Rakas* was neither overturned nor limited by *Brendlin*.

Accordingly, Gilbert lacks standing to challenge the constitutionality of the vehicle search in this case.

We reverse the Court of Appeals' decision and dismiss Gilbert's appeal for lack of jurisdiction.

CARL B ANDERSON, JR., District Judge, assigned.